THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANTS, *v.* CHARLES G. CORNELL, JAMES B. NICHOLSON AND ELLEN M. HENNESSEY, ADMINISTRATRIX, ETC., RESPONDENTS.

*Street openings — taxation of costs — how set aside and reviewed.*

Where a party desires to set aside the taxation of costs in a proceeding, on the ground that the same is fraudulent and excessive, it is not necessary to commence an action in equity to review and vacate the same. The proper practice is for the court, whenever sufficient facts are shown at any time before the costs are collected and paid over, and even afterward, to direct a retaxation or readjustment of the costs in such a proceeding, where the law has been plainly violated and the established rules of the court plainly disregarded.

*Pitman* v. *The Mayor* (10 S. C. R. N. Y. [3 Hun], 370) explained.

APPEAL from an order made at Special Term, denying an application of the plaintiffs for the continuance of a temporary injunction against the defendants, previouly granted them, until the final hearing and disposal of the action.

The injunction restrained two of the defendants and the administratrix of a third person, deceased (formerly associated with them as a co-commissioner of estimate and assessment in a certain proceeding for the widening and straightening of Broadway from Thirty-fourth to Fifty-ninth streets, etc.), from prosecuting in any manner, until the further order of the court, an action at law which

said two defendants had previously commenced against the plaintiffs for the recovery of $165,632.40, with interest, being the alleged costs, charges and expenses of the said two defendants and said deceased person, as such commissioners, in said proceeding upon an alleged judicial taxation of the same made by Judge CARDOZO, during the pendency of said proceeding, on or or about December 27, 1870. The action thus enjoined had proceeded to judgment, in favor of the plaintiffs therein and against the corporation, upon a demurrer interposed by said plaintiffs to the answer of the latter, with permission to answer over by a given day; and before that day the corporate authorities commenced the present suit, with said injunction order, against said plaintiffs, to restrain the further prosecution against them of said action at law.

This action by the corporate authorities against the two litigating commissioners and the personal representative of their deceased associate was an equitable proceeding, instituted to set aside and vacate, by an exercise of the extraordinary powers of this court, the said alleged judicial taxation by Judge CARDOZO of the costs, charges and expenses of said commissioners, which is the foundation of their action at law, on the ground that the same was absolutely void in form and actually fraudulent in substance.

*A. J. Requier,* for the appellants.

*Henry E. Davies, S. G. Clark* and *Thomas Allison,* for the respondents.

DAVIS, P. J. :

The motion for injunction seems to us to have been properly denied. The appellants seek to maintain their rights to the provisional remedy of injunction, upon the ground that an action to impeach and vacate the taxation of the costs in the proceedings set forth in the complaint is the sole remedy of the plaintiffs. It is true that a judicial taxation of costs in such a proceeding is in the nature of a judgment at law, and is final and conclusive between the parties until reversed, vacated or set aside in the form allowed by law. (*Pitman* v. *Mayor, etc.,* 10 Sup. Ct. R., 370; *Supervisors of Onondaga County* v. *Briggs,* 2 Hill, 135.) But it

does not follow that the only remedy is by bill in equity, to vacate such proceeding on the ground of fraud. That remedy, assuming it to exist, is a tedious, complicated and difficult one, and is by no means the most appropriate and expeditious mode of redressing the alleged wrong. When this court said in *Pitman* v. *Mayor* (*ubi sup.*) that the remedy of the defendant in that case for the correction of the bill was by a direct proceeding for the readjustment of the amount allowed, it did not mean to indicate that the proper course was by an action to vacate the proceeedings in the nature of a bill of review, on the ground of fraud. The readjustment of the amount allowed by a direct proceeding in the contemplation of the court, at the time that opinion was written, was nothing more nor less than a retaxation, by a direct application to the court upon motion for that purpose. The court undoubtedly has power, in a proper case and upon sufficient facts shown at any time before the costs are collected and paid over, and even afterwards, if equities sufficiently strong are shown, to direct a retaxation or readjustment of the costs in such a proceeding, where the law has been plainly violated and the established rules of the court plainly disregarded. The proper course for the plaintiffs to have pursued in this case, would have been, to have made application to the court for a readjustment, upon such facts as it might be in their power to show, because that remedy is a simple one, easy to be pursued, and in all respects better applicable to a case of this character than the action which has been commenced, and would undoubtedly be granted if facts which would sustain the action were established. The granting or refusing of an injunction is largely in the discretion of a court of equity, and it is a sufficient reason for refusing it that there exists, if the plaintiff has any right to the relief it seeks, a more simple and easy mode of obtaining it. It is upon this ground that we prefer to put the affirmance of th order of the court below, without passing upon the merits of any of the questions involved in the action.

The order should be affirmed with ten dollars costs, besides disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed with ten dollars costs, besides disbursements.